UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)

VERSUS                                              CIVIL ACTION

WARDEN BURL CAIN, ET AL                             NUMBER 14-260-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 19, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)

VERSUS                                         CIVIL ACTION

WARDEN BURL CAIN, ET AL                        NUMBER 14-260-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Maj. Davis and Capt. Westbrook. Plaintiff alleged that he was subjected to an excessive use of force in violation of his Eighth Amendment rights.

For the reasons which follow, the plaintiff's complaint should be dismissed.

**I. Factual Allegations**

A detailed recitation of the plaintiff's factual allegations is not necessary. Plaintiff's claims are based on an excessive use of force by both defendants that allegedly occurred on November 6, 2012, in connection with his transfer from Bear unit to Wolf unit. These events let the plaintiff to file an Administrative Remedy Procedure ("ARP") request, which was accepted into the two step procedure as ARP CPCC-2012-0380. Plaintiff attached copies of the First and Second Step Responses as exhibits to his complaint.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Prescription**

Plaintiff alleged that on November 6, 2012, he was subjected to an excessive use of force by the defendants after requesting to be placed in protective custody. Plaintiff's claims are prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Nor does the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affect this court's decision. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

A review of the portions of the administrative record attached as exhibits to the complaint showed that the ARP was submitted to prison officials by the plaintiff on November 14, 2012,[1] was

---

[1] Record document number 1-1, pp. 1-3.

accepted into the two step procedure under ARP number CPCC-2012-0380, and was denied at the Second Step on March 22, 2013.[2] Even assuming that prescription was tolled between November 14, 2012 and March 22, 2013, more than one year elapsed between the date the ARP was denied on March 22, 2013 and April 28, 2014, the date the plaintiff signed his complaint.

By the time the plaintiff signed his complaint, the claims regarding the incident which allegedly occurred on November 6, 2012, were already prescribed.

## Conclusion

Because it is clear that the plaintiff's claims are prescribed, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, May 19, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Id.* at 7.

4