# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLENANT NICKLES (#131849)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN BURL CAIN, ET AL.** | **NO.: 14-00260-BAJ-SCR** |

## RULING AND ORDER

On May 19, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Clenant Nickles's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as being prescribed. (Doc. 6.) Plaintiff alleges that his constitutional rights were violated when he was subjected to excessive force on November 6, 2012.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 6, at 1.) A review of the record indicates that Plaintiff filed a timely objection to the Report and Recommendation on May 28, 2014. (Doc. 7.)

Plaintiff's objection challenges the Magistrate Judge's finding that his claim has prescribed, asserting that his claim was timely when initially submitted to the Court. Plaintiff contends that he timely submitted his complaint to the Court via U.S. mail

on October 9, 2013, and that the Court received the complaint on October 16, 2013. (Doc. 7, at 2.) However, Plaintiff admits that his complaint was returned with a notification indicating that it must be filed electronically.[1] He claims he had no knowledge of the electronic filing system and waited to inquire about the process with Inmate Counsel when he became available that week. Plaintiff contends that Inmate Counsel informed him that because he is technically a Phelps Correctional Inmate and not a Louisiana State Penitentiary Inmate, he had not been properly advised of the electronic filing requirement and that there was no designated location for him to place his documents on the cell block. (*Id.* at 3.)

Plaintiff claims to have again placed his documents in the only prisoner mailbox for general outgoing mail on October 22, 2013. He contends that he believed the matter to have been resolved and several months passed without notice from the Court. When he had not heard anything concerning his case, he prompted inmate counsel to type a status update. Plaintiff placed this document in outgoing mail on April 22, 2014 and received notice from the Court shortly thereafter that no filings from him had been received because he had not complied with General Order 2012-01. Plaintiff contends that, after he received this notice, he immediately placed his documents in the general

---

[1] On October 18, 2013, the clerk of this Court notified Plaintiff that his documents had been received on October 16, 2013. Specifically, the notice stated, "Pursuant to the Prisoner Electronic Filing Project, General Order 2012-01, pleadings submitted by a prisoner to the courts for filing which have not been scanned and emailed by authorized personnel, may, at the direction of the court, be returned. On October 18, 2013, the court directed that your pleadings be returned to you without filing to be re-submitted in accordance with General Order 2012-01."

2

outgoing mailbox on April 28, 2014, which is also the date the documents were stamped received by the Court.

Plaintiff asserts that, as a pro se litigant, his request for judicial review should be subject to the mail box rule and directs the Court to *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff also asserts that prescription does not run against parties who are unable to act in Louisiana,[2] and that he was legally incapable of submitting his documents because there was no designated box for the documents to be placed in, nor was he advised of his obligation to do so. (Doc. 7, at 4-5.)

The Court adopts the findings and conclusions reached by the Magistrate Judge in the Report and Recommendation. Plaintiff's exhaustive narrative of the facts surrounding the filing of his complaint does not rebut the conclusion that his complaint was not timely filed in compliance with General Order 2012-01. Even accepting Plaintiff's facts as true, Plaintiff was notified of the electronic filing requirement in October 2013 when his documents were returned by the Court, and he did not make an inquiry about the status of his case for approximately five months, until April 2014. Plaintiff admits as much, stating that several months passed without him inquiring into the status of his case. Thus, the Court must conclude that Plaintiff did not make reasonable effort to prosecute his case.

To the extent that Plaintiff claims he was not advised where to place documents for electronic filing because he is technically a Phelps Correctional Inmate and not a

---

[2] Plaintiff directs the Court to "Harris, 198 F. 3d at 156." (Doc. 7, at 4.) It is assumed that Plaintiff is referring to *Harris v. Hegmann*, 198 F. 3d 153 (5th Cir. 1999).

3

Louisiana State Penitentiary Inmate, the Court takes no position on this matter, as the classification of inmates is within the discretion of the Department of Corrections, not the Court. Regardless, Plaintiff's contention is irrelevant to the Court's finding, because Plaintiff was notified by this Court of the requirement that he file the complaint in accordance with the electronic filing system described in General Order 2012-01 and he failed to do so within the applicable prescription period.

Moreover, the Court finds *Houston* to be inapplicable here. The Supreme Court's holding in that case is applicable in habeas situations, and concerned the Federal Rules of Appellate Procedure Rule 3(a) and Rule 4(a)(1). Such is not the case here. Also, Plaintiff's assertion that prescription does not run against parties who are unable to act in Louisiana lacks merit in this context. While prescription generally does not run against parties in certain circumstances, the tolled prescriptive period is not indefinite, and is tolled only in certain situations. Here, the period in which Plaintiff claims he was unaware that his complaint was not properly before the Court is not considered a period in which the prescriptive period was tolled. Indeed, Plaintiff failed to adhere to the timely notification given by the Court that he was required to file his complaint electronically. Consequently, the Court concludes that Plaintiff's complaint has prescribed.

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report (Doc. 6)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that Plaintiff Clenant Nickles's claims be **DISMISSED**, **with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, this 26th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**