UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLENANT NICKLES (#131849)**                                   **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                    **NO. 14-0260-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 6, 2016.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLENANT NICKLES (#131849)**                                    **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                    **NO. 14-0260-BAJ-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motions for Summary Judgment (R. Docs. 23 and 33).   These motions are not opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain, Major Daniel Davis and Capt. Charles Westbrook, alleging that his constitutional rights were violated on November 6, 2012, when defendants Davis and Westbrook allegedly utilized excessive force against him while he was being transferred from Bear Unit to Wolf Unit at LSP.

Defendants move for summary judgment asserting that Plaintiff's claims are time-barred. Defendants rely upon the pleadings, Statements of Undisputed Facts, and exhibits consisting of certified copies of (1) correspondence from the Clerk of this Court to Warden Burl Cain dated March 23, 2012 regarding the continuation of the Electronic Filing Pilot Project between this Court and LSP, pursuant to which LSP inmates are required to submit their pleadings to prison personnel for electronic transmission to the Court for filing instead of by sending their pleadings through the United States Mail or other postal service, (2) a prison Memorandum dated April 16, 2012, from LSP Deputy Warden Richard Peabody to the "LSP Offender Population," which Memorandum was directed to be posted "in all offender housing areas," which Memorandum advised LSP

offenders of the requirement and procedures for electronic filing, and which Memorandum included an attached copy of General Order No. 2012-01 of this Court dated January 3, 2012, regarding the "Procedural Rules for Prisoner Electronic Filing Pilot Project," (3) a prison Memorandum dated October 15, 2012, addressed to the "Offender Population," regarding supplemental procedures applicable to inmate electronic filings, (4) a prison Memorandum dated February 25, 2013, which was requested to be "posted to the inmate population" and which provided supplemental procedures for electronic filing, (5) a complete record of Plaintiff's pertinent Administrative Remedy Proceeding No. CPCC-2012-0380, and (6) the affidavit of Trish Foster.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be

entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.   Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.   *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.   *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Upon an initial review of Plaintiff's Complaint, the Court dismissed the above-captioned proceeding upon a finding that Plaintiff's claims were time-barred by operation of the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983.   *See* R. Docs. 6 and 8.   Specifically, the Court concluded that Plaintiff's Complaint was untimely, having been filed more than one year after the date of the incident complained of.[1]   Plaintiff appealed that determination, however, arguing that he timely mailed a copy of his Complaint to the Court on October 9, 2013.   Plaintiff further asserted that the Court improperly returned the Complaint to him unfiled because he had failed to submit it electronically as mandated by General Order No. 2012-01 of this Court.   Plaintiff argued that such return was improper because he was not legally

---

[1]   In making this determination, the Court took into account the tolling of the limitations period during the period that Plaintiff pursued administrative remedies within the prison system, applying *Harris v. Hegmann*, 198 F.2d 553 (5th Cir. 1986), and *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977).   Taking this period into account, from November 14, 2012 to March 25, 2013, *see* R. Doc. 23-7, Plaintiff had until approximately March 19, 2014 to timely file his federal Complaint with this Court, but the Court found that Plaintiff had not in fact filed his Complaint until April 28, 2014.

obligated to comply with the referenced General Order.[2]  Plaintiff further asserted, in any event, that he nonetheless complied with the Court's instructions and again submitted his Complaint, this time for electronic filing, several days thereafter on October 21, 2013.  It was only after he then heard nothing from the Court for several months that he made inquiry and learned that prison officials had failed to electronically transmit his Complaint to the Court and that it had never in fact been received or docketed by the Court.  Accordingly, Plaintiff submitted his Complaint for a third time on April 28, 2014, and it was this Complaint that the Court, improperly according to Plaintiff, found to be untimely.  Plaintiff argued that he should be entitled to tolling of the limitations period for the period of time between October, 2013 (when he twice submitted his Complaint to prison officials for transmission to the Court, once by regular mail and once by electronic transmission) and April 28, 2014 (when he resubmitted his Complaint for the third time, after learning that his transmission of October 21, 2013 had not been effective), during the entirety of which period he believed that his Complaint had been submitted and filed with the Court.

In addressing Plaintiff's appeal, the United States Court of Appeals for the Fifth Circuit vacated this Court's ruling and remanded the matter for further consideration, concluding that the issue of timeliness could not be resolved because the record was "insufficiently developed."  *See* R. Doc. 14.  In doing so, the Court stated:

> Information necessary to evaluate Nickles's claims on appeal includes the following: (1) what procedures Nickles was required to follow in order to properly file a § 1983 complaint, (2) whether Nickles must abide by the prisoner electronic filing pilot program, (3) whether Nickles was apprised of the electronic filing procedure if it was applicable to him, (4) whether the prison had a designated mailbox for electronic federal court filings, if one was necessary, (5) why Nickles's October 9, 2013 § 1983 complaint that he placed in

---

[2]  Plaintiff asserts that upon the closing of Phelps Correctional Center, all Phelps inmates were transferred to LSP and assigned to a special designated Phelps housing unit. Plaintiff asserts that, accordingly, he was a "Phelps inmate" who was not obligated to comply with filing requirements that were only applicable to LSP inmates.

>the hands of a prison official for filing was not properly filed with the district court, and (6) why Nickles's October 21, 2013 § 1983 complaint that Nickles's [sic] placed in the prison's federal court filing mailbox was never received by the district court ….

*Id.* at p. 4.

On remand, the Defendants were served and have responded with the instant motions for summary judgment. Upon a review of the information and documentation provided by the parties, the Court now finds that it is possible to reliably resolve all of the issues enumerated above. Specifically, General Order No. 2012-01 of this Court outlines the procedures that must be followed by inmates at LSP who wish to submit pleadings to this court, *see* R. Doc. 23-4, and it is clear that Plaintiff was required to follow these procedures and submit his Complaint for electronic filing. Whereas Plaintiff contends that he was a transferee to LSP from Phelps Correctional Center and so was not required to comply with LSP rules, this argument is not persuasive. The referenced General Order clearly provides that "*[a]ll* prisoners *located* at Louisiana State Penitentiary who file pleadings with the Louisiana Federal District Courts *shall submit all* pleadings to authorized LSP personnel to be scanned and emailed to the respective Court." *See* R. Doc. 23-4. (Emphasis added). The General Order further provides that "[i]nmates subject to the electronic filing project *must* place all documents in an envelope and place the envelope in a box designated for documents to be filed in Louisiana Federal District Courts" (emphasis added), and "[p]leadings submitted by a prisoner to the courts for filing which have not been scanned and emailed by authorized LSP personnel, may, at the direction of the court, be returned to the prisoner with a copy of this General Order." *See id.* Whereas Plaintiff has contended that no information was posted in his housing unit or provided to him regarding the electronic filing requirement or the procedures for compliance therewith, he concedes that his Complaint, which was initially forwarded to the Court by regular mail on October 9, 2013, was returned to him by the Court

shortly thereafter, unfiled. The records of this Court reflect that, in accordance with the General Order, Plaintiff was provided with information *at that time* regarding the electronic filing requirement, with specific reference to General Order No. 2012-01, and with instructions regarding re-submission of his Complaint "in accordance with [the] General Order." *See* R. Doc. 8 at p. 2 n. 1. Thus, this Court finds that Plaintiff was sufficiently apprised of the electronic filing requirement and of the applicable procedures in October, 2013, and he also had ample time at that point to resubmit his Complaint within the applicable limitations period. In fact, it appears that Plaintiff did in fact attempt to timely resubmit his Complaint shortly thereafter on October 21, 2013 by placing a copy thereof, "for federal scanning," in the mailbox that was admittedly located in his housing unit and that was designated for outgoing prisoner mail. *See id*. at p. 3. Prison officials concede as much because LSP Legal Programs Director Trish Foster attests in her affidavit that Plaintiff submitted a pleading to prison officials on or around that date "by placing such pleading in a 'Federal Mail' box at LSP." *See* R. Doc. 23-8. Plaintiff has also asserted that he received his Complaint back from the LSP Legal Programs Department, "which led him to believe the matter was resolve[d]." *See id*. Plaintiff has not explained, however, why the return of his Complaint "led him" to believe that the Complaint had been transmitted to the Court for filing. In contrast, Defendants have attested that the Complaint was returned to Plaintiff, "unstamped and unscanned," with specific notification that it had not been transmitted because it was in improper form, having been submitted to prison officials bound by staples in contravention of proper procedures and posted rules. *See* R. Doc. 23-8.

As a general rule, a prisoner's Complaint is deemed to be filed on the date that he submits it to prison officials in proper form for transmission to an appropriate Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La.

Feb. 28, 2008). The basis for this rule is the recognition that prisoners, by reason of their incarceration, relinquish control of their mail to prison personnel and must rely upon prison personnel to transmit the pleading to the appropriate court. The operative question then becomes whether either of the submissions by Plaintiff in October, 2013 were proper submissions sufficient to constitute a filing of the Complaint and to interrupt the running of the limitations period.

Based upon the summary judgment evidence and submissions of Defendants, which Plaintiff has not controverted, the Court finds that Plaintiff's Complaint was not properly submitted in October, 2013. First, even if Plaintiff was unfamiliar with the electronic filing requirement and the procedures for compliance therewith, his first transmission by regular mail on October 9, 2013 was ineffective because the Complaint was returned to him unfiled, with an explanation that the electronic filing requirement was applicable to him and that he had failed to comply therewith but could resubmit his Complaint. The Court further finds, based upon the summary judgment evidence before it, that Plaintiff's second attempt at transmission of his Complaint was also ineffective. Specifically, whereas Plaintiff did resubmit his Complaint to prison officials, this time for electronic transmission, on October 21, 2013, Defendants contend that this resubmission was also not an effective filing because the Complaint was again returned to Plaintiff unfiled because it was bound by stables in violation of applicable procedures. In this regard, Trish Foster attests in her affidavit that:

> Upon review of internal records, it has become clear that Offender Nickles did attempt to submit a pleading on or around October 21, 2013, by placing such pleading in a "Federal Mail" box at LSP. However, the October 21 pleading was bound by staples, and therefore it was subsequently returned (unstamped and unscanned) to offender Nickles, along with a copy of [a] February 25, 2013, Memorandum to Offender Population … from the Court that stipulates all federal court pleadings submitted for [electronic]-filing at LSP must be "shall not be bound by staples, glue or other adhesive."

*See* R. Doc. 23-8 at p. 4. In addition, Defendants' Statement of Undisputed Material Facts, R.

Doc. 23-2, provides that:

> On or around October 21, 2013, inmate plaintiff dropped a stapled version of his Complaint in the "Federal Mail' box located in his housing unit at LSP, however, the stapled Complaint was returned to inmate plaintiff, unfiled, with notice from LSP that his Complaint was not e-filed because it was in a bound format, and therefore if inmate plaintiff wanted to e-file his Complaint he must resubmit the Complaint without staples.

*Id*. at p. 2.   Finally, Defendants assert, in addition to the foregoing, that Plaintiff was adequately apprised of all of the procedures applicable to the electronic filing requirement through the posting of the written rules on the walls of his housing unit.   *See id.*   *See also* R. Doc. 23-8.

Based on the foregoing, the Court finds that Defendants' motions for summary judgment should be granted.   This conclusion is based upon Defendants' evidentiary showing, as outlined above, and upon Plaintiff's failure to file any opposition in response to Defendants' motions.   In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his prior pleadings in opposing a properly supported motion.   *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324.   Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"   *Id*.   Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.   *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).   When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor.   *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).   Further, pursuant to Local Rule 56(b) of this

Court, Plaintiff's failure to oppose Defendants' motions for summary judgment allows the Court to conclude that all of the facts contained in Defendants' Statements of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, Plaintiff has not come forward with any opposition to Defendants' motions for summary judgment or to the affidavit and documentary evidence produced in support thereof. Although Plaintiff's appellate brief may suggest a factual dispute regarding whether he received notice from LSP that his attempt to file his Complaint on October 21, 2013 was rejected because it wasn't in proper form, *see* R. Doc. 7 at p. 3, Plaintiff is not permitted to simply rest on that assertion in failing to contest the instant motions. This Court is not required to scour the record in search of evidence that tends to dispute Defendants' sworn assertions or support Plaintiff's claims. Therefore, based upon Plaintiff's failure in this case to oppose Defendants' motions, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendants' motions are well-taken and that Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that Defendants' Motions for Summary Judgment (R. Docs. 23 and 33) be granted, dismissing Plaintiff's Complaint, with prejudice, as being time-barred, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 6, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**