UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)                        CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                      NO.:14-00260-BAJ-EWD

## RULING AND ORDER

On September 7, 2016, the United States Magistrate Judge issued a Report and Recommendation (Doc. 38) pursuant to 28 U.S.C. § 636(b)(1), recommending that the Motions for Summary Judgment filed by Defendant Burl Cain, (Doc. 23), and Defendants Major Daniel Davis and Captain Charles Westbrook, (Doc. 33), be granted.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 38 at p. 1).

Within the objections period, Plaintiff filed written objections to the Magistrate Judge's Report and Recommendation. (Doc. 39). Plaintiff raised two issues for the Court's consideration. The first issue relates to Plaintiff's failure to file an opposition to the two motions for summary judgment. Plaintiff argues that he did not file an opposition because (1) he was not served with a copy of Major Davis and Captain Westbrook's motion; (2) he was waiting for all defendants to make an appearance

before he filed an opposition; and (3) he thought the prescription issue was moot. (*Id.* at pp. 1–3).

The Court cannot conclusively opine as to whether Plaintiff was properly served a copy of the motion filed by Major Davis and Captain Westbrook. Nonetheless, the record supports Plaintiff's assertion that he was not served. According to the record, the motion for summary judgment was filed on July 26, 2016, and on September 2, 2016, Plaintiff moved for an entry of default against Major Davis and Captain Westbrook. In Plaintiff's motion for default, Plaintiff claimed that the two defendants failed to "plead or otherwise defend." (Doc. 36). On September 7, 2016, the Court denied the motion for default because Major Davis and Captain Westbrook filed the motion for summary judgment. (Doc. 37). On that same date, the Report and Recommendation was issued. (Doc. 38).

The fact that Plaintiff moved for an entry of default *after* the motion for summary judgment was filed suggests that he was unaware of the pending motion. Therefore, the Court finds it appropriate to defer ruling on Major Davis and Captain Westbrook's motion for summary judgment at this time. The Court will provide Plaintiff an additional period of fourteen days from the service of this Order to file an opposition to the motion for summary judgment filed by Major Davis and Captain Westbrook.

Regarding Warden Cain's motion for summary judgment, the Court finds no merit to Plaintiff's explanation for his failure to file an opposition. Warden Cain filed the motion on February 16, 2016. The Local Rules for the Middle District of Louisiana

require all oppositions to be filed within twenty-one days of service. Although Plaintiff is *pro se*, he still must abide by the Federal Rules of Civil Procedure and the Local Rules of this Court. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Gillie v. Louisiana Dep't of State, Civil Serv.*, No. CIV.A. 12-262-BAJ, 2013 WL 3329077, at *4 (M.D. La. July 1, 2013), *aff'd*, 559 F. App'x 333 (5th Cir. 2014). The Rules do not allow Plaintiff to wait for the other defendants to make an appearance before opposing a motion. Additionally, a matter is not rendered moot until the Court orders that such matter is moot. Plaintiff was required to file an opposition within twenty-one days of being served, but he failed to do so. His failure to file an opposition is inexcusable.

The second issue raised by Plaintiff relates to whether Plaintiff's claims are time barred. (Doc. 39 at p. 3). As the Magistrate Judge explained, the one year prescriptive period required Plaintiff to file a complaint by March 2014. Plaintiff's Complaint was filed on April 29, 2014, one month after the expiration of the prescriptive period. (Doc. 1). It is undisputed that Plaintiff attempted to file a complaint, within the prescriptive period, on October 9, 2013, and again on October 21, 2013. It is also undisputed that Plaintiff received a notice that the complaint filed on October 9, 2016, was incorrectly submitted and required electronic filing. (Doc. 7 at p. 3).

Plaintiff now argues in his objections that he did not receive a notice explaining that the complaint he attempted to file on October 21, 2016, was not electronically filed by the prison because it was incorrectly bound with staples. (Doc. 39 at p. 4).

3

Because this argument was improperly raised in objections to a report and recommendation, the Court shall not consider it. *Rodriguez v. Apfel*, 139 F.3d 898 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court . . . ."); *see also Warren v. Astrue*, No. 6:09-CV-417, 2011 WL 3444268, at *3 (E.D. Tex. Aug. 5, 2011) (declining to consider arguments in an objection that were not before the Magistrate Judge).

Based on the foregoing, the Court hereby refers Major Davis and Captain Westbrook's Motion for Summary Judgment (Doc. 33) back to the Magistrate Judge to issue a revised report and recommendation should Plaintiff file an opposition, as described *supra*. The Court partially approves the Magistrate Judge's Report and Recommendation, and adopts the findings of fact, conclusions of law, and recommendation for Warden Cain's Motion for Summary Judgment (Doc. 23).

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 38)** is **ADOPTED IN PART** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Docs. 33)** is **REFERRED** back to the Magistrate Judge to issue a revised Report and Recommendation after Plaintiff has been provided an opportunity to file an opposition, should he choose to do so.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen days** from the service of this Order to file an opposition to the Motion for Summary Judgment

(Docs. 33) filed by Major Davis and Captain Westbrook. Plaintiff shall be served a copy of the Motion for Summary Judgment (Doc. 33) with the service of this Order.

IT IS FURTHER ORDERED that the **Motion for Summary Judgment (Docs. 23)** is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's claims against Warden Burl Cain are **DISMISSED WITH PREJUDICE** as time-barred.

Baton Rouge, Louisiana, this 27th day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**