## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CLENANT NICKLES (#131849)**                                      **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                      **NO. 14-0260-BAJ-EWD**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on January 12, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)                                    CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                     NO. 14-0260-BAJ-EWD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on referral back of the Motion for Summary Judgment of Defendants Daniel Davis and Charles Westbrook (R. Doc. 33). Pursuant to Ruling dated September 27, 2016 (R. Doc. 40), the Court granted Summary Judgment in favor of Defendant Burl Cain, dismissing Plaintiff's claims asserted against that Defendant, but concluded that Plaintiff likely had not been properly served with the Motion for Summary Judgment of Defendants Davis and Westbrook and granted Plaintiff an additional period of fourteen (14) days to file an opposition to that motion. Plaintiff has subsequently filed a timely pleading (R. Doc. 41) which he has mistakenly characterized as being an "Objection[] to the Magistrate Judge's Report and Recommendation" instead of as being an Opposition to Defendants' Motion for Summary Judgment, but the Court interprets the pleadings of *pro se* litigants liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), and will interpret Plaintiff's filing to be an Opposition to Defendants' pending Motion for Summary Judgment as authorized by the Court.

Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights

were violated on November 6, 2012, when defendants Davis and Westbrook allegedly utilized excessive force against him while transferring him from Bear Unit to Wolf Unit at LSP.   In response to these allegations, Defendants Davis and Westbrook have moved for summary judgment asserting that Plaintiff's claims are time-barred.   Defendants rely upon the pleadings, a Statement of Undisputed Facts, and exhibits consisting of certified copies of (1) correspondence from the Clerk of this Court to Warden Burl Cain dated March 23, 2012 regarding the Electronic Filing Pilot Project between this Court and LSP, pursuant to which LSP inmates are required to submit their pleadings to prison personnel for electronic transmission to the Court for filing instead of by sending their pleadings through the United States Mail or other postal service, (2) a prison Memorandum dated April 16, 2012, from LSP Deputy Warden Richard Peabody to the "LSP Offender Population," which Memorandum was directed to be posted "in all offender housing areas," which Memorandum advised LSP offenders of the requirement and procedures for electronic filing, and which Memorandum included an attached copy of General Order No. 2012-01 of this Court dated January 3, 2012, regarding the "Procedural Rules for Prisoner Electronic Filing Pilot Project," (3) a prison Memorandum dated October 15, 2012, addressed to the "Offender Population," regarding supplemental procedures applicable to inmate electronic filings, (4) a prison Memorandum dated February 25, 2013, which was requested to be "posted to the inmate population" and which provided supplemental procedures for electronic filing (including that submissions not be bound or stapled together), (5) a complete record of Plaintiff's pertinent Administrative Remedy Proceeding No. CPCC-2012-0380, and (6) the affidavit of Trish Foster.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.   Rule 56, Federal Rules of Civil Procedure.   *Celotex Corp. v. Catrett*, 477

U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).   A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.   *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.   If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.   *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.   This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.   *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).   Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.   Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.   *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.   *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Upon an initial review of Plaintiff's Complaint, the Court dismissed this proceeding upon a finding that Plaintiff's claims were time-barred by operation of the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983.   *See* R. Docs. 6 and 8.   Specifically,

the Court concluded that Plaintiff's Complaint, having been filed more than one year after the date

of the incident complained of, was untimely.[1]   Plaintiff appealed that determination, arguing that

he timely mailed a copy of his Complaint to the Court on October 9, 2013.   Plaintiff further

asserted that the Court improperly returned the Complaint unfiled because he had failed to submit

it electronically as mandated by General Order No. 2012-01 of this Court.   Plaintiff argued that

such return was improper because he was not legally obligated to comply with the referenced

General Order.[2]   Plaintiff further asserted, in any event, that he nonetheless complied with the

Court's instructions and again submitted his Complaint several days thereafter on October 21,

2013, this time for electronic filing.   It was only after he then heard nothing from the Court for

several months that he made an inquiry and learned that prison officials had failed to electronically

transmit his Complaint to the Court and that it had never in fact been received or docketed by the

Court.   Accordingly, Plaintiff submitted his Complaint a third time on April 28, 2014, and it was

this Complaint that the Court – improperly according to Plaintiff – found to be untimely.   Plaintiff

argued that he should be entitled to tolling of the limitations period for the period of time between

October, 2013 (when he twice submitted his Complaint to prison officials for transmission to the

Court, once by regular mail and once by electronic transmission) and April 28, 2014 (when he

---

[1]        In making this determination, the Court took into account the tolling of the limitations period during the period that Plaintiff pursued administrative remedies within the prison system, applying *Harris v. Hegmann*, 198 F.2d 553 (5th Cir. 1986), and *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977).  Taking this period into account, from November 14, 2012 to March 25, 2013, *see* R. Doc. 23-7, Plaintiff had until approximately March 19, 2014 to timely file his federal Complaint with this Court, but the Court found that Plaintiff had not in fact filed his Complaint until April 28, 2014.

[2]        Plaintiff asserts that upon the closing of Phelps Correctional Center, all Phelps inmates were transferred to LSP and assigned to a special designated Phelps housing unit. Plaintiff asserts that, accordingly, he was a "Phelps inmate" who was not obligated to comply with filing requirements that were only applicable to LSP inmates.

resubmitted his Complaint for the third time, after learning that his transmission of October 21, 2013 had not been effective), during the entirety of which period he believed that his Complaint had been submitted and filed with the Court.

In addressing Plaintiff's appeal, the United States Court of Appeals for the Fifth Circuit vacated this Court's Ruling and remanded the matter for further consideration, concluding that the issue of timeliness could not be resolved because the record was "insufficiently developed."   *See* R. Doc. 14.   In doing so, the Court stated:

> Information necessary to evaluate Nickles's claims on appeal includes the following: (1) what procedures Nickles was required to follow in order to properly file a § 1983 complaint, (2) whether Nickles must abide by the prisoner electronic filing pilot program, (3) whether Nickles was apprised of the electronic filing procedure if it was applicable to him, (4) whether the prison had a designated mailbox for electronic federal court filings, if one was necessary, (5) why Nickles's October 9, 2013 § 1983 complaint that he placed in the hands of a prison official for filing was not properly filed with the district court, and (6) why Nickles's October 21, 2013 § 1983 complaint that Nickles's [sic] placed in the prison's federal court filing mailbox was never received by the district court ….

*Id*. at p. 4.

On remand, Defendants were served and have responded with the instant Motion for Summary Judgment.   Upon a review of the information and documentation provided by the parties, the Court now finds that it is possible to reliably resolve most of the issues enumerated above.   Specifically, General Order No. 2012-01 of this Court outlines the procedures that must be followed by inmates confined at LSP who wish to submit pleadings to this Court, *see* R. Doc. 23-4, and it is clear that Plaintiff was required to follow these procedures and submit his Complaint for electronic filing.   Whereas Plaintiff contends that he was a transferee to LSP from Phelps Correctional Center and so was not required to comply with LSP rules, this argument is not persuasive.   The referenced General Order clearly provides that "*[a]ll* prisoners *located* at Louisiana State Penitentiary who file pleadings with the Louisiana Federal District Courts *shall*

*submit all* pleadings to authorized LSP personnel to be scanned and emailed to the respective Court." *See id.* at p. 3 (emphasis added).   The General Order further provides that "[i]nmates subject to the electronic filing project *must* place all documents in an envelope and place the envelope in a box designated for documents to be filed in Louisiana Federal District Courts" (emphasis added), and "[p]leadings submitted by a prisoner to the courts for filing which have not been scanned and emailed by authorized LSP personnel, may, at the direction of the court, be returned to the prisoner with a copy of this General Order." *See id.*   Whereas Plaintiff has contended that no information was posted in his housing unit or provided to him regarding the electronic filing requirement or the procedures for compliance therewith, he concedes that his Complaint, which was initially forwarded to the Court by regular mail on October 9, 2013, was returned to him by the Court shortly thereafter, unfiled.   The records of this Court reflect that, in accordance with the General Order, Plaintiff was provided with information *at that time*, within the limitations period, regarding the electronic filing requirement, with specific reference to General Order No. 2012-01, and with instructions regarding re-submission of his Complaint "in accordance with [the] General Order." *See* R. Doc. 8 at p. 2 n. 1.   Thus, this Court finds that Plaintiff was sufficiently apprised of the electronic filing requirement and of the applicable procedures in October, 2013, and he also had ample time at that point to resubmit his Complaint within the applicable limitations period.   In fact, it appears that Plaintiff did in fact timely resubmit his Complaint to prison officials shortly thereafter on October 21, 2013 by placing a copy thereof, "for federal scanning," in the mailbox that was admittedly located in his housing unit and that was designated for outgoing prisoner mail. *See id.* at p. 3.   Prison officials concede as much because LSP Legal Programs Director Trish Foster attests in her affidavit that Plaintiff submitted a pleading to prison officials on or around that date "by placing such pleading in a 'Federal Mail'

box at LSP." *See* R. Doc. 23-8.   Plaintiff has also asserted that he received his Complaint back

from the LSP Legal Programs Department, "which led him to believe the matter was resolve[d]."

*See id*.   Plaintiff has further explained that the returned Complaint was stamped "received" by

the LSP Legal Programs Department, and this "led him" to believe that the Complaint had been

transmitted to the Court for filing.   In contrast, Defendants have asserted that the Complaint was

returned to Plaintiff, "unstamped and unscanned," with specific notification that it had not been

transmitted because it was not in proper form, having been submitted to prison officials bound by

staples in contravention of specific written procedures and posted rules.   *See* R. Doc. 23-8.

As a general rule, a prisoner's Complaint is deemed to be filed on the date that he submits

it to prison officials in proper form for transmission to an appropriate Court.   *See Cooper v.

Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La.

Feb. 28, 2008).   The basis for this rule is the recognition that prisoners, by reason of their

incarceration, relinquish control of their mail to prison personnel and must rely upon prison

personnel to transmit the pleading to the appropriate court.   The operative question then becomes

whether either of the timely submissions by Plaintiff in October, 2013 were proper submissions

sufficient to constitute a filing of the Complaint and to interrupt the running of the limitations

period.

Based upon the summary judgment evidence, the Court first finds that Plaintiff's

Complaint was not initially properly submitted on October 9, 2013.   Specifically, even if Plaintiff

was unfamiliar with the electronic filing requirement and the procedures for compliance therewith,

he was notified by the Court that his transmission by regular mail on that date was ineffective

when the Complaint was returned to him unfiled with an explanation that the electronic filing

requirement was applicable to him, with notification that he had failed to comply therewith, with

information about the applicable procedures for compliance, and with notification that he could resubmit his Complaint.

The Court further finds, based upon the summary judgment evidence before it, that Plaintiff made a second timely attempt to transmit his Complaint to the Court on October 21, 2013. Specifically, Plaintiff resubmitted his Complaint to prison officials on that date, this time for electronic transmission.   Defendants concede as much but assert that this resubmission was also not an effective filing because the Complaint was again returned to Plaintiff and was not electronically delivered to the Court because it was bound by staples in violation of applicable prison procedures.   Defendants further assert that Plaintiff was adequately apprised of the deficiency in his submission.   In this regard, Trish Foster attests in her affidavit that:

> Upon review of internal records, it has become clear that Offender Nickles did attempt to submit a pleading on or around October 21, 2013, by placing such pleading in a "Federal Mail" box at LSP.   However, the October 21 pleading was bound by staples, and therefore it was subsequently returned (unstamped and unscanned) to offender Nickles, along with a copy of [a] February 25, 2013, Memorandum to Offender Population … from the Court that stipulates all federal court pleadings submitted for [electronic]-filing at LSP must be "shall not be bound by staples, glue or other adhesive."

*See* R. Doc. 23-8 at p. 4.   *See also* Defendants' Statement of Undisputed Material Facts, R. Doc. 23-2 at p. 2:

> On or around October 21, 2013, inmate plaintiff dropped a stapled version of his Complaint in the "Federal Mail' box located in his housing unit at LSP, however, the stapled Complaint was returned to inmate plaintiff, unfiled, with notice from LSP that his Complaint was not e-filed because it was in a bound format, and therefore if inmate plaintiff wanted to e-file his Complaint he must resubmit the Complaint without staples.

Finally, Defendants assert, in addition to the foregoing, that Plaintiff was adequately apprised of all of the procedures applicable to the electronic filing requirement through the posting of written rules and memoranda on the walls of his housing unit.   *See id.*   *See also* R. Doc. 23-8.

The problem with Defendants' assertions relative to the foregoing is that these assertions

are not adequately supported by competent summary judgment evidence in the record. Specifically, the assertions are not based upon personal knowledge of the affiant, Trish Foster, but are instead based only upon a purported "review of internal records," which records have not been produced to the Court.   While there may be a presumptively reliable prison logbook entry or other documentation that reflects the return of Plaintiff's October 21, 2013 Complaint to him, "unstamped and unscanned," *with notification regarding the deficiency in his pleading*, the logbook entry, documentation or notice have not been provided for review.   In contrast, Plaintiff has attested under penalty of perjury that after placing his October 21, 2013 Complaint in the prison mailbox, it was returned to him several days later with a stamp indicating that it had been "received" by prison officials, and this "led him to believe the matter was resolved" and that his Complaint had been filed.   *See* R. Doc. 7 at p. 3.[3]   Plaintiff has further attested that there was no notification that his pleading had not been transmitted to the Court and that there were no postings in his housing unit regarding any purported requirement that his pleadings not be stapled or otherwise bound.   *See* R. Doc. 41 at p. 3.   While Defendants' evidence includes a countervailing attestation that notice was in fact posted in Plaintiff's housing unit, *see* R. Doc. 23-8, and that Plaintiff was provided with a copy of this notice, *see id.*, this appears to create a factual dispute regarding the information provided to or available to Plaintiff regarding the filing procedures applicable to him.

---

    3    The Court notes that Plaintiff has not supported this assertion with a copy of the October 21, 2013 Complaint reflecting a "received" stamp.   Notwithstanding, Plaintiff's assertion in this regard is supported by a review of the Complaint that was in fact filed in this Court, *see* R. Doc. 1, which Complaint bears two separate stamps, one reflecting that the pleading was "received" by the LSP Legal Programs Department on a specific date and another reflecting that it was "scanned … and emailed" on that date.   Thus, Plaintiff could well have received a returned copy of his October 21, 2013 Complaint bearing an ambiguous "received" stamp but not bearing a separate stamp indicating that it had been scanned and electronically transmitted to the Court.

Based on the foregoing, the Court concludes that the Motion for Summary Judgment of defendants Daniel Davis and Charles Westbrook should be denied.   Specifically, Defendants have effectively acknowledged that Plaintiff attempted to comply with the electronic filing requirement by timely placing his pleading in the prison's federal mailbox for transmission to the Court on or about October 21, 2013.   Whereas Defendants argue that this submission was improper and was returned to Plaintiff without filing because it was allegedly "stapled" together in violation of filing procedures, Defendants have not effectively shown the Court that Plaintiff was adequately apprised of this filing requirement or that he was adequately apprised that his pleading had been rejected and was unsent for that reason.   *Cf., Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011) (recognizing that whereas a prisoner must "follow reasonable prison regulations governing prison mail" in order to obtain the benefit of the prison mailbox rule, the rule may still apply if the rejection of a prisoner's mail was based upon an *unreasonable* regulation, particularly where it "may be impossible" for the prisoner to determine the parameters of the regulation).[4]   Accordingly, the Court finds that Defendants are not entitled to summary judgment in connection with their contention that Plaintiff's claims are time-barred.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of Defendants Daniel Davis and Charles Westbrook (R. Doc. 33) be denied, and that this matter be referred back to the

---

[4]  Plaintiff's assertion that he was unfamiliar with the rules and procedures applicable to the electronic filing requirement is supported by his assertion that he was a recent transfer to LSP from Phelps Correctional Center where the electronic filing requirement was not applicable.   In addition, the Court notes that Plaintiff asserts that at all times pertinent hereto, he was confined in a cellblock at LSP and that the bulletin board that may have contained written notifications pertinent to the filing procedures was located in the lobby of the cellblock, outside of Plaintiff's cell tier, and was in an area to which he did not have access.   *See* R. Doc. 41 at p. 3-4.

Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 12, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**