UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLENANT NICKLES (#131849)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN BURL CAIN, ET AL.** | **NO. 14-0260-BAJ-EWD** |

## O R D E R

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain, Major Daniel Davis and Capt. Charles Westbrook, alleging that his constitutional rights were violated on November 6, 2012, (1) when Defendant Westbrook allegedly failed to take action to protect Plaintiff from harm and falsified a disciplinary charge against Plaintiff, and (2) when Defendant Davis allegedly utilized excessive force against Plaintiff. Pursuant to earlier Rulings in this case, the Court has dismissed Plaintiff's claims asserted against Defendants Cain and Westbrook. *See* R. Docs. 40 and 64. Also pursuant to a prior Order in this case (R. Doc. 5), the Court granted Plaintiff authorization to proceed *in forma pauperis* herein.

The statute applicable to the granting by courts of *in forma pauperis* status to inmates in civil proceedings challenging the conditions of their confinement establish that Plaintiff is no longer entitled to proceed as a pauper in this case. This statute, 28 U.S.C. § 1915(g), provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals examined the effect of the referenced statute and concluded that all civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim are included within the ambit of the "three strikes" provision of § 1915(g). In addition, an interpretation of *Adepegba* instructs that this Court should revoke the prior grant of pauper status to inmates who are later determined to have accumulated three "strikes" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions or appeals. *See id*. at 388 (concluding that the appeal under review in that case and all other pending appeals filed by the "three strikes" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

A review of federal court records reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious, or for failure to state a claim.[1] Accordingly, because Plaintiff is now barred from proceeding *in forma pauperis* in this case,[2] he is required to pay the full amount of the Court's filing fee. Therefore,

**IT IS ORDERED** that the Order of this Court dated May 19, 2014 (R. Doc. 5), pursuant to which Plaintiff was granted *in forma pauperis* status in this proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*

---

1. Cases filed by Plaintiff, while incarcerated, that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Clenant Nickles v. Jack A. Stephens, et al.*, Civil Action No. 05-6295-SRD (E.D. La.), *Clenant Nickles v. Wayne G. Cresap, Judge*, Civil Action No. 05-6296-SSV (E.D. La.), and *Clenant Nickles v. Burl Cain, et al.*, Civil Action No. 16-0286-BAJ-RLB.

2. The Court finds that the allegations of the Complaint do not fall within the "imminent danger" exception to the statute.

herein (R. Doc. 2) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $391.58, the remaining amount of the Court's filing fee.[3] The filing fee must be paid in full in a single payment. No partial payments will be accepted. **Failure to pay the filing fee within 21 days may result in the dismissal of Plaintiff's action without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on October 18, 2017.

                                     **ERIN WILDER-DOOMES**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

3. The Docket sheet reflects that Plaintiff has made partial payments toward satisfaction of the Court's filing fee in the amount of $8.42, leaving a balance due of $391.58.