UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLENANT NICKLES (#131849)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN BURL CAIN, ET AL.** | **NO. 14-0260-BAJ-EWD** |

## R U L I N G

On October 18, 2017, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court determined that Plaintiff was no longer entitled to proceed *in forma pauperis* in this case. *See* R. Doc. 66. Accordingly, the Court vacated the prior grant of pauper status to Plaintiff and ordered him to pay, within 21 days, the full amount of the Court's filing fee. *Id*. The Court's Order advised Plaintiff that a failure to comply with the Court's Order "may result in the dismissal of Plaintiff's action without further notice from the Court." *Id*.

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), which instructs that this Court should revoke the prior grant of pauper status to inmates who "strike out" and should require that they pay the Court's filing fee or face dismissal of their pending actions or appeals, the Court vacated the prior grant of pauper status to Plaintiff and directed him to pay the full amount of the Court's filing fee. *See id*. at 388 (concluding that the appeal there under review and all other pending appeals filed by a "three strikes" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee). A review of the record by the Court now reflects that Plaintiff has failed to pay the filing fee as ordered. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of Plaintiff to pay the Court's filing fee.[2] Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this <u>14th</u> day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

1  Cases filed by Plaintiff, while incarcerated, that have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Clenant Nickles v. Jack A. Stephens, et al.*, Civil Action No. 05-6295-SRD (E.D. La.), *Clenant Nickles v. Wayne G. Cresap, Judge*, Civil Action No. 05-6296-SSV (E.D. La.), and *Clenant Nickles v. Burl Cain, et al.*, Civil Action No. 16-0286-BAJ-RLB.

2  The Court has determined that the allegations of Plaintiff's Complaint do not fall within the "imminent danger" exception to 28 U.S.C. § 1915(g). *See* R. Doc. 66 at n. 2.